# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8976 | **DATE** | 6/10/2003 |
| **CASE TITLE** | Taria Gordon vs. Daimler Chrysler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Chrysler's motion to dismiss paragraph 10 of plaintiff's complaint is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 11 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 JUN 10 PM 3:17 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |



DOCKETED
JUN 1 1 2003

| | |
|---|---|
| TARIA GORDON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DAIMLER CHRYSLER,  )<br>)<br>Defendant.  )<br>) | No. 02 C 8976<br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Taria Gordon ("Gordon"), brought suit *pro se* against Defendant, Daimler Chrysler ("Chrysler"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) *et seq.* and 42 U.S.C. §§ 1981 and 1983. Presently before the Court is Chrysler's Motion to Dismiss paragraph 10 of Plaintiff's Complaint, alleging violations of 42 U.S.C. § 1983.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if the plaintiff could prove no set of facts in support of her claim that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

Gordon was employed by Chrysler until Chrysler terminated her employment, allegedly because of her color, race, and sex. In support of her claim, Gordon further alleges that she was singled out by Chrysler to attend behavior seminars, that abusive language was used toward her in

1

12

team meetings, that she was occasionally sent home early, and that company records were falsified and/or revised to omit evidence of Chrysler's discriminatory acts.

Chrysler argues that Gordon's claim under 42 U.S.C. § 1983 should be dismissed. Section 1983 generally does not extend to the conduct of private individuals or corporations unless they "acted under color of state law by exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Copeland v. Northwestern Memorial Hospital*, 964 F.Supp. 1225, 1238 (N.D. Ill. 1997). Where a defendant is a private party, not acting under color of state law, dismissal of a § 1983 claim against it is appropriate. *Id.* at 1239.

Plaintiff has not alleged that Chrysler acted under color of state law but, instead, has alleged, by checking a box on her *pro se* plaintiff's form, that Chrysler is a "state or local government agency." We take judicial notice of the fact that Chrysler is a private corporation, not a state or local government agency, and could not have acted under color of state law in terminating Gordon's employment.

Because Plaintiff could prove no set of facts to show that Chrysler was "a state or local government agency" or was exercising power under the authority of state law in terminating her employment, dismissal with prejudice of her claim under 42 U.S.C. § 1983 is appropriate. *See Conley*, 355 U.S. at 45-46.

Only paragraph 10 of Plaintiff's Complaint is dismissed with prejudice. Gordon may still prosecute her claims of alleged discrimination because of color, race, and sex, as appropriate under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

Dated: June 10, 2003

JOHN W. DARRAH
United States District Judge